# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10631
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Myron Dreun Cook,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-387-1

———————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

Myron Dreun Cook pleaded guilty to possession of a firearm by a felon and was sentenced to 78 months in prison. He appeals his sentence.

Cook asserts that the district court plainly erred by applying U.S.S.G. § 2K2.1(a)(4)(B), which states that a base offense level of 20 applies if, inter alia, the offense involves a semiautomatic firearm that is capable of accepting

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a large capacity magazine.  He alleges that the commentary to § 2K2.1, which defines a "large capacity magazine" as one accepting more than 15 rounds of ammunition, should not be treated as authoritative.  *See* § 2K2.1, comment. (n.2).  He argues that the framework of *Stinson v. United States*, 508 U.S. 36, 38 (1993), which is highly deferential to the commentary, was invalidated by *Kisor v. Wilkie*, 588 U.S. 558 (2019).  Cook concedes that his arguments are foreclosed and asserts them solely to preserve them for further review.  The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file a brief.

We have held that *Stinson* remains good law despite *Kisor*.  *See United States v. Vargas*, 74 F.4th 673, 677-85 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024).  Recently, we addressed whether it is proper to accept the Sentencing Guidelines' commentary defining "large capacity magazine" and decided that reliance on the commentary was not error under *Stinson*. *United States v. Martin*, 119 F.4th 410, 414-15 (5th Cir. 2024).

Accordingly, the arguments that Cook raises on appeal are foreclosed, and summary affirmance is proper.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Therefore, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.